# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

BOBBY LEE POSEY                                                    PETITIONER

v.                          NO. 3:16-cv-00231 JLH/PSH

MARTY BOYD, Sheriff                                              RESPONDENT

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

FINDINGS AND RECOMMENDATION

On July 28, 2016, petitioner Bobby Lee Posey ("Posey") was arrested by officers with the Craighead County, Arkansas, Sheriff's Department and charged in 16JCR-2016-721 with several criminal offenses that included possession of a firearm by certain persons. See Document 2 at CM/ECF 1, 3-4; Document 12 at CM/ECF 1. He was unable to obtain his release on bail and was detained in the Craighead County Detention Center. See Document 2 at CM/ECF 1, 3-4; Document 12 at CM/ECF 1.

On September 8, 2016, Posey commenced the case at bar by filing what appears to be a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.[1] In the petition, he alleged that he is being illegally detained in connection with 16JCR-2016-721 because his bail is excessive and he is actually innocent.[2] Posey asked that respondent Marty Boyd ("Boyd"), the Craighead County Sheriff, be ordered to "bring [Posey] before the court and show cause why [he] should continuously be detained," bring his "exonerating witnesses" before the court, "prove that all rules and statutes were complied with," and prove that his bail is not excessive …" See Document 2 at CM/ECF 2.

---

[1]

Posey captioned his petition as one for "writ of habeas corpus with combined motion to vacate all orders of the district court and circuit court of Craighead County claiming actual innocence and court's lack of jurisdiction under A.C.A. 16-112-118(B) and Federal Rule 60(B) pursuant to the state's disregard for their own laws and policies." He alleged in the petition that he initially attempted to file it with the Clerk of the Craighead County, Arkansas, Circuit Court, but the petition was never file-marked, acknowledged, or returned to him.

[2]

Posey supported his claim of actual innocence by submitting affidavits from two individuals, both of whom represented that Posey is not the owner of the firearms found in his home.

Boyd filed an answer to Posey's petition and asked that the petition be dismissed. Boyd so maintained because the petition is moot and, alternatively, because Posey is not entitled to habeas corpus relief.

The undersigned thereafter entered an order according Posey an opportunity to file a response to Boyd's answer and explain why the petition should not be dismissed. See Document 15. The order was sent to Posey's last known address at the Craighead County Detention Center, but the envelope containing the order was eventually returned as being undeliverable. See Document 16. Posey never provided the Clerk of the Court with a forwarding address, and the time for Posey to file a response to Boyd's answer has now passed.

The undersigned has thoroughly reviewed the parties' minimal pleadings and exhibits in this case. The undersigned finds on the basis of the review that Posey's petition warrants no relief and should be dismissed. The undersigned so finds for the following three reasons.

First, it is axiomatic that "federal habeas corpus relief does not lie for errors of state law." See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quotations omitted). Instead, "a federal court is limited to deciding whether [an error] violated the Constitution, laws, or treaties of the United States." See Id. at 68. Posey's claims appear to be built, in part, upon violations of state law. To the extent his claims are built upon violations of state law, they warrant no relief in this proceeding.

Second, to the extent Posey's claims are built upon violations of the Constitution, laws, or treaties of the United States, it is axiomatic that the claims must be fairly presented to the state courts of Arkansas before they can be presented to the federal courts by means of a petition pursuant to 28 U.S.C. 2254.[3] There is nothing to suggest that Posey presented his claims to the state courts. Specifically, he never gave the state courts an opportunity to address his claims of excessive bail or actual innocence. When could he have presented the claims? He could have appealed the bail issue to the state appellate courts, see Larimore v. Arkansas, 339 Ark. 167, 3 S.W.3d 680 (1999), and he could have presented his actual innocence claim at trial and thereafter on appeal. Although he maintains that he attempted to file the petition at bar in Craighead County, Arkansas, Circuit Court, he acknowledges that he never obtained a ruling on the petition.

Third, notwithstanding the foregoing, Article III of the Constitution permits federal courts to adjudicate only actual, ongoing cases or controversies. When a case no longer presents a case or controversy, it is moot and must be dismissed. See Potter v. Norwest Mortgage, Inc., 329 F.3d 608 (8th Cir. 2003). Boyd represents, and Posey does not dispute, that on October 21, 2016, Posey pleaded guilty in 16JCR-2016-721 to being a felon in possession of a firearm and possession of drug paraphernalia to manufacture a controlled substance. The remaining charges were nol prossed by the State of Arkansas pursuant to

---

[3]

Wainwright v. Sykes, 433 U.S. 72 (1977), provides that a federal court should not consider a claim if the petitioner was aware of it but failed to pursue it to a final determination in state court, although there are exceptions to that rule. Boyd did not raise the procedural bar issue, but the undersigned has the discretion to consider it sua sponte. See King v. Kemna, 266 F.3d 816 (8th Cir.2001).

a plea agreement. Posey was sentenced to 110 days in the county jail, but was awarded eighty-six days of pre-trial jail credit, and appears to have received an additional five year suspended sentence. He was eligible for release on November 14, 2016, and it appears that he has now been released. Recognizing that a guilty plea is "an admission of guilt that waives all non-jurisdictional defects," see United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007), the undersigned finds his claims of excessive bail and actual innocence to be moot, and this case no longer presents a case or controversy.

It is for the foregoing reasons that Posey's petition warrants no relief. The undersigned therefore recommends that his petition be dismissed. All requested relief should be denied, judgment should be entered for Boyd, and a certificate of appealabilty should be denied.

DATED this 9th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE